**John R. GRAZIANO, Plaintiff–Appellant,**

v.

**NEW YORK STATE POLICE, Defendant–Appellee.**

**Docket No. 02–7629.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

Michael H. Sussman, Goshen, NY, for Appellant.

Patrick J. Walsh, Assistant Solicitor General, Albany, NY, (Eliot Spitzer, Attorney General of the State of New York, Marion Buchbinder, Assistant Solicitor General, Albany, NY, on the brief), for Appellee.

Present: WINTER, JACOBS, Circuit Judges, and GLEESON,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

---

\* The Honorable John Gleeson, United States District Judge for the Eastern District of New

John R. Graziano appeals an April 29, 2002 judgment of the United States District Court for the Southern District of New York (Conner, *J.*), dismissing his complaint against the New York State Police ("NYSP") on summary judgment. *See Graziano v. New York State Police,* 198 F.Supp.2d 570 (S.D.N.Y.2002). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Elec. Inspectors, Inc. v. Vill. of E. Hills,* 320 F.3d 110, 117 (2d Cir.2002). "A district court must grant a motion for summary judgment if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." *Shannon v. New York City Transit Authority,* 332 F.3d 95, 99 (2d Cir.2003) (quoting *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir.1998)).

"In an employment discrimination case, the plaintiff has the burden at the outset of 'proving by the preponderance of the evidence a prima facie case of discrimination.'" *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir.1994) (quoting *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). To meet this burden, a gender discrimination plaintiff must—*inter alia*—enter evidence allowing an inference of discrimination because of his gender. *Williams v. R.H.*

York, sitting by designation.

*Donnelley, Corp.,* 368 F.3d 123, 126 (2d Cir.2004).

According to Graziano he was subjected to hostility by his female coworkers primarily due to antecedent (and unproven) accusations that he committed acts of sexual harassment; all of the mistreatment Graziano alleges arose from his reputation as a harasser and/or the discomfort experienced by other NYSP employees, both men and women, when subsequently working with Graziano. Graziano's status as a purported harasser is not a gender-specific classification. *See Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75, 79, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) ("[N]othing in Title VII necessarily bars a claim of discrimination 'because of ... sex' merely because the plaintiff and the defendant or the person charged with acting on behalf of the defendant are of the same sex."). Graziano argues that the NYSP's ready willingness to credit stories of his sexual harassment constitutes gender stereotyping. However, the overwhelming evidence is that Graziano actually had the personality traits in question, not that they were imagined because of his sex.

In short, Graziano has entered no credible evidence allowing the inference that he (or any other man) was subjected to discrimination *because of* his sex. *See Raniola v. Bratton,* 243 F.3d 610, 621 (2d Cir. 2001) (a sex discrimination plaintiff " 'must always prove that the conduct at issue was not merely tinged with offensive connotations, but actually constituted discrimination because of sex' ") (quoting *Oncale,* 523 U.S. at 80–81, 118 S.Ct. 998).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**